IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-01016-RBJ

PENNY WHITEHORN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

---

## ORDER

---

This matter is before the Court on review of the Commissioner's decision denying plaintiff Penny Whitehorn's application for disability insurance benefits pursuant to Title II of the Social Security Act.  Jurisdiction is proper under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This appeal is based upon the administrative record and briefs submitted by the parties. In reviewing a final decision by the Commissioner, the role of the district court is to examine the record and determine whether it "contains substantial evidence to support the [Commissioner's] decision and whether the [Commissioner] applied the correct legal standards." *Rickets v. Apfel*, 16 F.Supp.2d 1280, 1287 (D. Colo. 1998).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wilson v. Astrue*, 602 F.3d

1136, 1140 (10th Cir. 2010) (citations omitted). Evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

The Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (citations omitted). Thus, although some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court might "have made a different choice had the matter been before it de novo." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). However, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (citations omitted).

Upon review, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 45 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Ms. Whitehorn applied for disability insurance benefits on or around January 21, 2011. She claimed inability to work since her alleged onset date of May 1, 2008[1] due to chronic back and should pain, arthritis, restless leg syndrome, and depression. *See* R. 113, 197. Ms. Whitehorn's date last insured (DLI) was December 31, 2014. The Commissioner denied Ms. Whitehorn's application on May 31, 2011. Ms. Whitehorn then requested a hearing before an

---

[1] Ms. Whitehorn later amended her alleged onset date to May 11, 2009.

administrative law judge (ALJ), and the ALJ conducted a video hearing on September 24, 2012. On October 9, 2012 ALJ Joseph Heimann issued an opinion denying benefits. The Appeals Council denied Ms. Whitehorn's request for review on March 12, 2014. Thereafter, Ms. Whitehorn filed a timely appeal with this Court.

## DENIAL OF THE CLAIM

To qualify for disability insurance benefits, an individual must (a) meet the insured status requirements of the Social Security Act (the "Act"); (b) not have attained retirement age; (c) file an application; and (d) be under a "disability" as defined in the Act. 42 U.S.C § 423(a)(1). Disability is defined as being unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The claimant carries the burden of establishing that she was disabled prior to her date last insured. *See Flaherty*, 515 F.3d at 1069.

The Social Security Administration uses a five-part process to determine whether a claimant qualifies for disability insurance benefits. 20 CFR § 404.1520. At **step one** the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 CFR § 404.1520(a)(4)(i). The ALJ found that Ms. Whitehorn had not engaged in substantial gainful activity since May 11, 2009, the amended alleged onset date. R. 13.

At **step two** the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that are "severe." 20 CFR § 404.1520(a)(4)(ii). The ALJ found that Ms. Whitehorn suffered from the following severe impairments: status post left shoulder surgery, rotator cuff tear on the right shoulder, lumbar

degenerative disc disease, restless leg syndrome, and obesity. R. 13. The ALJ found that the following impairments were non-severe: hepatomegaly and adjustment disorder with depressed mood. *Id* at 13–14.

At **step three** the ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). 20 CFR § 404.1520(a)(4)(iii). The ALJ determined that none of Ms. Whitehorn's impairments—alone or in combination—met or medically equaled one of the listed impairments in the Listings. R. 15.

Before reaching step four, the ALJ is required to determine the claimant's residual functional capacity ("RFC"). *See* R. 16; 20 CFR § 404.1520(a)(4)(iv). An RFC represents "the most [a claimant] can still do despite [her] limitations." 20 CFR § 404.1545(a)(1). The RFC is "the claimant's maximum sustained work capability." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). The ALJ found that Ms. Whitehorn has an RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations: the claimant is able to stand or walk for 6 hours out of an 8-hour workday and without sitting restrictions; lifting and carrying are limited to 10 pounds occasionally; pushing, pulling, and foot control operations bilaterally are limited to occasionally; never climbing ladders, ropes, or scaffolds; occasionally performing all other postural activities; avoiding even moderate levels of vibration; and reaching overhead is limited to occasionally bilaterally. R. 16.

At **step four** the ALJ must determine whether the claimant has the residual functional capacity to perform the requirements of her past work. 20 CFR § 404.1520(a)(4)(iv). The ALJ found that Ms. Whitehorn could perform her past relevant work as a customer service

representative, which is sedentary, semi-skilled work. R. 20. After making this determination, the ALJ proceeded to step five to make alternative findings. *See id.*

At **step five** the ALJ must determine whether the claimant is able to do any other work that exists in significant numbers in the national economy considering the claimant's RFC, age, education, and work experience. 20 CFR § 404.1520(a)(4)(v). Relying on the testimony of a Vocational Expert ("VE"), the ALJ found that Ms. Whitehorn would be able to perform the requirements of representative occupations such as a cashier and sales attendant, both of which are light, unskilled and which exist in significant numbers in the national economy even after taking into account Ms. Whitehorn's lifting restriction. R. 21. In turn, the ALJ found that Ms. Whitehorn was not disabled and not entitled to disability insurance benefits.

## ANALYSIS

Ms. Whitehorn makes just one claim on appeal: the ALJ erred by not assessing her nonexertional (mental) limitations when determining her RFC.[2] In support she puts forward two arguments. First the ALJ improperly relied on his step 2 finding that her mental limitations were mild in severity and thus non-severe when failing to assess whether those limitations would affect her RFC. In the alternative, the ALJ's determination of her mental limitations (as related to her RFC) is not supported by substantial evidence on the record. In response, the government focuses on the second argument, insisting that the ALJ adequately considered and weighed the

---

[2] Insofar as Ms. Whitehorn contends that nonexertional limitations also include her pain limitations, the ALJ adequately took these limitations into account in the RFC. *See*. R. 16–19. The plaintiff has likewise put forward no argument in support of a claim that the ALJ's credibility determinations concerning her pain levels were not supported by substantial evidence on the record. Therefore, any such claim is waived on appeal.

medical source opinions on file and reasonably discounted many of Ms. Whitehorn's complaints as not credible.

Ms. Whitehorn begins by arguing that the ALJ improperly failed to consider her mental limitations in the RFC after having found them to be non-severe at step 2. Under federal regulations, the Commissioner must consider all medically determinable impairments, including those found to be non-severe, when determining the claimant's RFC. 20 C.F.R. § 404.1545(a)(2). The Tenth Circuit has held that "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Wells v. Colvin*, 727 F.3d 1061, 1068–69 (10th Cir. 2013). Importantly, "the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." Social Security Ruling 96-8p, 1996 WL 374184, at *4 (July 2, 1996).[3] In comparison, the "mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment . . . ." *Id.*

In this case, the ALJ found that Ms. Whitehorn suffered from the non-severe impairment of adjustment disorder with depressed mood. R. 14. Yet the ALJ failed to consider this impairment when determining Ms. Whitehorn's RFC, instead focusing solely on her physical limitations. *See* R. 16–19. While the Court commends the thorough analysis given in support of

---

[3] Social Security Rulings "are binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1). The rulings represent "precedent final opinions and orders and statements of policy and interpretations that [the Commissioner has] adopted." *Id.* They are to be relied upon as precedents in adjudicating cases. *See* Social Security Rulings: Preface, *available at* http://ssa.gov/OP_Home/rulings/rulings-pref.html.

the non-severe finding, *see* R. 14–15, the ALJ remained obligated to consider whether the impairment affected Ms. Whitehorn's capacity to work at steps 4 and 5.  The failure to do so appears to be an oversight.  The Court remands this case for the limited purpose of assessing whether and it what ways Ms. Whitehorn's nonexertional (mental) limitations affect her residual functional capacity and, in turn, her ability to engage in substantial gainful activity.

## ORDER

The case is REMANDED to the ALJ for further findings consistent with this opinion.

DATED this 23rd day of March, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge